**Ljindita VULJAJ, Nikola Vuljaj, Petitioners,**

v.

**Eric H. HOLDER, Jr.,[1] Attorney General, Respondent.**

No. 08–5715–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2009.

See also, 261 Fed.Appx. 325.

Peter E. Torres, New York, NY, for Petitioners.

Tony West, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director, Patrick J. Glen, Attorney; Aric A. Anderson, Trial Attorney; Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Ljindita Vuljaj and Nikola Vuljaj, both natives of Montenegro and citizens of the former Yugoslavia, seek review of an October 30, 2008 order of the BIA denying their motion to reopen. *In re Ljindita Vuljaj, Nikola Vuljaj,* Nos. A072 413 523, A029 445 544 (B.I.A. Oct. 30,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). A motion to reopen must be filed no later than 90 days after the final administrative decision is rendered in the proceedings that the applicant seeks to reopen. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). There is no dispute that the petitioners' motion was untimely. However, the petitioners argue that they presented evidence of changed country conditions in Serbia–Montenegro that both warranted an exception to the filing deadline for their motion, 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), and established their *prima facie* eligibility for asylum and withholding of removal.

Because the BIA did not err in finding that the petitioners failed to establish a *prima facie* case for relief, it did not abuse its discretion in denying their motion to reopen. *See Ke Zhen Zhao,* 265 F.3d at 93. In support of their motion, the petitioners submitted voluminous background materials concerning a September 2006 law enforcement operation known as "Eagle's Flight" in which Montenegrin authorities arrested eighteen ethnic Albanian Catholics on terrorism charges. However, even assuming the circumstances surrounding the "Eagle's Flight" incident constituted a change in country conditions in Montenegro with respect to the treatment of ethnic Albanian Catholics, petitioners failed to establish that they had a wellfounded fear of persecution as a result.

The petitioners submitted a number of affidavits from friends and associates who claimed that the petitioners would face persecution in Montenegro because Nikola was related to one of the individuals arrested during Eagle's Flight and he had

participated in protests against the Montenegrin authorities in the United States and donated generously to charitable funds intended to assist the families of the Eagle's Flight defendants. However, as the BIA observed, the petitioners presented no evidence suggesting that the Montenegrin authorities have taken action against Nikola or have any intention of doing so. The documentation petitioners submitted provided no basis for the BIA to conclude that the Montenegrin authorities were aware of Nikola's political activities in the United States or, even if they were aware, that they would be likely to persecute him on that basis.

Although Nikola could easily have submitted his own statement detailing his political activities in the United States, describing how those activities might have come to the attention of the Montenegrin authorities, and explaining why those activities would result in his persecution in Montenegro, as the BIA found, he failed to do so. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir.2008). Given the vague and conclusory nature of the allegations made in the affidavits that were submitted, the BIA did not err in finding that the petitioners' fear of future persecution was speculative at best. *See Jian Xing Huang v. U.S. I.N.S.,* 421 F.3d 125, 128–29 (2d Cir.2005). Accordingly, the BIA reasonably concluded that the petitioners had failed to establish their *prima facie* eligibility for the relief they sought. As the failure to establish a *prima facie* case for relief constitutes an independent basis for denying a motion to reopen, the BIA did not abuse its discretion in denying the petitioners' motion. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).